**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Joe Dacri,<br><br>                    Plaintiff<br>v.<br><br>PN Financial, Inc.<br><br>                    Defendant | FILED ELECTRONICALLY |

**COMPLAINT**

**I. Introduction**

1.   This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the Act") which prohibits debt collectors from engaging in abusive, unfair, and deceptive practices.

**II. Jurisdiction and Venue**

2.   Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d), which permits an action under the Act to be brought in any court of competent jurisdiction.

3.   Venue in this district is proper in that Defendant transacts business here and the conduct complained of is alleged to have occurred here.

### III. Parties

4. Plaintiff, Joe Dacri, is a natural person residing at 319 Birchwood Estates, Exeter, PA 18643.

5. Defendant, PN Financial, Inc. ("the Collector") is a corporation engaged in the business of collecting debts in this state with a place of business located at P.O. Box 1431, Skokie, IL 60076.

6. The Collector is a "debt collector" as defined by the Act, 15 U.S.C. § 1692a(6).

### IV. Statement of Claim

7. On or before June 23, 2009, the Collector began attempting to collect an alleged account ("the Account") from Plaintiff.

8. The Account is a "debt" as that term is defined by the Act, 15 U.S.C. § 1692a(5).

9. The collector regularly uses the telephone and mails to attempt to collect consumer debts alleged to be due another.

10. On or about June 23, 2009, the Collector caused to be mailed a letter addressed to Plaintiff's counsel. ("the Letter")

11. A true and correct copy of the Letter is attached as Exhibit A. (Redacted to comply with Fed.R.Civ.P. 5.2(a), LR 5.2 and/or ECF Procedures 14.1).

12. The Letter was an attempt to collect the Account.

13. 15 U.S.C. § 1692e(10) prohibits debt collectors from using any false representation or deceptive means to collect a debt or obtain information about a consumer.

14. The Letter contained a statement that a judgment was pending.

15. The Letter contained a statement of a judgment amount.

16. The Letter contained a reference to a docket number.

17. The statement referenced in paragraph 14 was false and deceptive in that no judgment was pending at the time the Letter was sent to Plaintiff.

18. The statement referenced in paragraph 15 was false and deceptive, in that no judgment existed at the time the Letter was sent to Plaintiff.

19. The statement referenced in paragraph 16 was false.

20. The statements referenced in paragraphs 14, 15, and 16 violated 15 U.S.C. § 1692e(5).

WHEREFORE, Plaintiff demands judgment against Defendant for damages, costs, attorney's fees, and such other and further relief as the Court deems just and proper.

### V. Demand for Jury Trial

21. Plaintiff demands a trial by jury as to all issues so triable.

Respectfully Submitted,

s/ Kenneth W. Pennington
Kenneth W. Pennington
Bar Number PA 68353
Attorney for Plaintiff
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA  18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email kpecf@bankruptcypa.com

Exhibit A

(*the Letter*)

Case 3:10-cv-00529-WJN   Document 1   Filed 03/09/2010   Page 5 of 5